THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
VALERIE L. MAKAREWICZ
Assistant United States Attorney
SBN 229637
  Room 7211, Federal Building
  300 North Los Angeles Street
  Los Angeles, California  90012
  Telephone:  (213) 894-2729
  Facsimile:  (213) 894-0115
  Email: valerie.makarewicz@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. CV 08-7908 JFW (RZx) |
| Plaintiff, | ) STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW |
| vs. | ) |
| PAUL M. SALISBURY, et. al. | ) Honorable John F. Walter |
| | ) Motion Hearing: |
| Defendants. | ) Date: March 30, 2009 ) Time: 1:30 p.m. ) Ctrm: 16 |
| | )     United States Courthouse )     312 N. Spring Street )     Los Angeles, CA 90012 |

STATEMENT OF UNCONTROVERTED FACTS

1.  Pursuant to the provisions of the Internal Revenue Code, Title 26 U.S.C., on the following dates, a delegate of the Secretary of the Treasury made income tax assessments jointly

1

against defendants SALISBURY for the identified tax years and in the amounts[1] as follows:

| Tax Year | Date of Assessment | Amount of Assessment |
|----------|--------------------|----------------------|
| 1994 | 11/20/1995 | $44,016.01 |
| 1995 | 09/23/1996 | $33,562.88 |
| 1996 | 11/24/1997 | $27,751.61 |
| 1997 | 11/23/1998 | $50,019.45 |
| 1998 | 11/29/1999 | $19,852.12 |
| 1999 | 11/27/2000 | $28,459.31 |
| 2000 | 11/26/2001 | $26,741.32 |
| 2001 | 11/18/2002 | $45,782.13 |
| 2002 | 12/01/2003 | $59,158.65 |
| 2004 | 10/31/2005 | $51,947.58 |
| 2005 | 11/06/2006 | $80,035.78 |
| 2006 | 11/05/2007 | $50,851.98 |

(Declaration of Phillip Conrad, paragraph 2, and Exhibit 1).

2.  In addition to the income taxes assessed jointly and severally against defendants SALISBURY for the 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2004, 2005, and 2006 tax years, as set forth in the paragraph above, statutory interest, penalties, other debits and collections costs have been assessed and have accrued on such income tax liabilities, and certain payments, credits and other reversals have been made against such liabilities, so that the total amounts owing for each tax year as of December 31, 2008, including assessed and accrued interest,

---

[1]   These amounts may not reflect any subsequent abatements or adjustments.  These amounts may also not reflect any payments or credits made to the account.

2

penalties, other debits and collection costs, and taking into account all payments, credits and reversals, are as follows:

| Tax Year | Unpaid Assessed Balance | Accrued Penalties and Interest to December 31, 2008 | Total Liability as of December 31, 2008 |
|---|---|---|---|
| 1994 | $32,745.12 | $45,249.11 | $77,994.23 |
| 1995 | $39,575.29 | $45,712.28 | $85,287.57 |
| 1996 | $25,242.67 | $24,366.27 | $49,608.94 |
| 1997 | $59,406.57 | $48,642.00 | $108,048.57 |
| 1998 | $23,554.81 | $16,324.35 | $39,879.16 |
| 1999 | $28,448.31 | $24,438.05 | $52,886.36 |
| 2000 | $26,177.24 | $19,054.11 | $45,231.35 |
| 2001 | $30,782.13 | $20,030.08 | $50,812.21 |
| 2002 | $43,158.65 | $24,292.49 | $67,451.14 |
| 2004 | $21,947.58 | $9,833.40 | $31,780.98 |
| 2005 | $65,535.78 | $23,500.42 | $89,036.20 |
| 2006 | $50,791.98 | $9,433.03 | $60,225.01 |
| **Total** | | | **$758,241.72** |

(Declaration of Phillip Conrad, paragraph 3, and Exhibit 2).

3.   Despite timely notice and demand, in accordance with the applicable provisions of the Internal Revenue Code, Title 26, United States Code, for payment of the assessments described above, defendants SALISBURY have neglected, failed, or refused to pay said assessments, and there remains due and owing, jointly and severally from defendants SALISBURY, on the assessments, as of December 31, 2008, the sum of $758,241.72, plus accrued interest, penalties, collection costs and other statutory additions as provided by law, including all lien fees and collection costs incurred before or after the filing of this

3

Complaint, minus any payments, credits or reversals made after
December 31, 2008. (Declaration of Phillip Conrad, paragraph 4,
and Exhibit 2).

4.   Defendants SALISBURY filed bankruptcy under Chapter 7 on
December 27, 1996, and received a discharge on April 15, 1997.
None of the tax liabilities in question were discharged.
(Declaration of Phillip Conrad, paragraph 5 and Exhibit 1).

5.   Defendants SALISBURY filed an administrative offer in
compromise ("OIC") with the IRS that included taxable years 1994
through 2002. Defendants' OIC became processable on March 12,
2003. The Collection division of the IRS rejected the OIC on
January 2, 2004. Defendants timely appealed the rejection on
February 2, 2004. The OIC was rejected by the Appeals division
on July 28, 2005. (Declaration of Phillip Conrad, paragraph 6
and Exhibit 1).

6.   The assessments set forth above were subsequently
perfected against all property and rights to property belonging
to defendants SALISBURY, including all property interests
defendants SALISBURY had in the subject property, by the
recording of five (5) Notices of Federal Tax Liens ("NFTL"), as
follows:

    (1)   The lien for the income tax assessed jointly and
          severally against defendants SALISBURY for the
          1994 tax year, was perfected by the filing of a
          NFTL in the office of the county recorder for Los
          Angeles County, California, on July 11, 1996, as

Instrument No. 96-1107104;[2]

(2)  The liens for the income taxes assessed jointly and severally against defendants SALISBURY for the 1995 and 1996 tax years was perfected by the filing of a NFTL in the office of the country recorder for Los Angeles County, California, on May 12, 1998, as instrument No. 98-800740;[3]

(3)  The liens for the income taxes assessed jointly and severally against defendants SALISBURY for the 1997, 1998, 1999 and 2000 years, were perfected by the filing of a NFTL in the office of the county recorder for Los Angeles County, California, on December 18, 2002, as Instrument No. 02-3108872;[4]

(4)  The liens for the income taxes assessed jointly and severally against defendants SALISBURY for the 2001, 2002, 2004, and 2005 years, were perfected

---

[2] A copy of this Notice of Federal Tax Lien for taxable year 1994 was subsequently refiled in the office of the county recorder for Los Angeles County, California, on September 2, 2008, as Instrument No. 20081578317. On the same day, a Revocation of Certificate of Release of Federal Tax Lien (Instrument No. 20081578307) was recorded regarding tax year 1994 revoking the release of the original Notice of Federal Tax lien, filed on July 11, 1996.

[3] A copy of this Notice of Federal Tax Lien for taxable years 1995 and 1996 was subsequently refiled in the office of the county recorder for Los Angeles County, California, on (con't...) September 2, 2008, as Instrument No. 20081578317. On the same day, a Revocation of Certificate of Release of Federal Tax Lien (Instrument No. 20081578308) was recorded regarding tax years 1995 and 1996 revoking the release of the original Notice of Federal Tax lien, filed on May 12, 1998.

[4] A copy of this Notice of Federal Tax Lien for taxable year 1997 was subsequently refiled in the office of the county recorder for Los Angeles County, California, on September 2, 2008, as Instrument No. 20081578330.

1     by the filing of a NFTL in the office of the
2     county recorder for Los Angeles County,
3     California, on April 13, 2007, as Instrument No.
4     07-0892747; and,
5     (5)  The lien for the income tax assessed jointly and
6          severally against defendants SALISBURY for the
7          2006 year, was perfected by the filing of a NFTL
8          in the office of the county recorder for Los
9          Angeles County, California, on July 21, 2008, as
10         Instrument No. 20081295633.
11   (Declaration of Phillip Conrad, paragraph 5, and Exhibit 3).
12        7.  Defendants SALISBURY are married.  Defendants SALISBURY
13   are the owners of the property against which plaintiff now seeks
14   to foreclose its tax liens.  The real property against which
15   plaintiff seeks to foreclose its tax liens in this action (the
16   "subject property") consists of a parcel of real property located
17   in Agoura Hills, California, and is legally described as follows:
18       THE REAL PROPERTY IN THE COUNTY OF LOS ANGELES, STATE OF
19       CALIFORNIA, DESCRIBED AS:

20        PARCEL 1 OF PARCEL MAP NO. 6632, IN THE CITY OF AGOURA
         HILLS, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA,
21        AS PER MAP FILED IN BOOK 110 PAGES 80 AND 81 OF PARCEL
         MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
22   (Declaration of Phillip Conrad, paragraph 6, and Exhibit 4).
23        8.  By virtue of a Grant Deed recorded on October 31, 1989,
24   with the Official Records of the Recorder's Office, Los Angeles
25   County, California as Instrument No. 89-1753230, defendants
26   SALISBURY acquired title to the subject property as "Paul M.
27   Salisbury, an unmarried man and Noreen L. Holborn, a single
28   woman, as joint tenants."  (Declaration of Phillip Conrad,

paragraph 7, and Exhibit 4).

9.   Defendant WASHINGTON MUTUAL BANK, has an interest in, and a lien against, the subject property under a Deed of Trust, recorded as Instrument No. 89-1753231, in the Official Records of the Recorder's Office, Los Angeles County, California, on October 31, 1989, pursuant to said Deed of Trust.  (Docket Nos. 24, 25). On January 30, 2009, plaintiff and defendant WASHINGTON MUTUAL BANK filed a Stipulation for Non-Monetary Judgment, which was approved by the Court on February 3, 2009.  (Docket No. 24).  The parties agreed that the federal income tax liens against the subject property are subordinate and junior to defendant WASHINGTON MUTUAL BANK'S Deed of Trust on the subject property. (Docket No. 24).

10.   Defendant STATE OF CALIFORNIA, FRANCHISE TAX BOARD (hereinafter "FTB") has liens against the subject property pursuant to 3 Notices of State Tax Lien filed in the name of defendants SALISBURY for the taxable years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, and 2003.  (Docket Nos. 20, 21). On January 20, 2009, plaintiff and defendant FTB filed a Stipulation, which was approved by the Court on January 21, 2009, wherein the parties agreed to the lien priorities between the IRS and FTB.  (Docket Nos. 20, 21).

<u>CONCLUSIONS OF LAW</u>

1.   The government may reduce its tax assessments to judgment by bringing suit within the period provided by I.R.C. § 6502, and demonstrating that the assessments were made and remain unpaid.  26 U.S.C. § 7401; <u>United States v. Silverman</u>, 621 F.2d 961 (9th Cir. 1980); <u>United States v. Prince</u>, 348 F.2d 746,

748 (2d Cir. 1965); 14 Mertens, Law of Federal Income Taxation, § 54A.64, p. 155 (Rev. 1987).

2.   Under 26 U.S.C. § 6203, an assessment is made "by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." Section 301.6203-1 of the Treasury Regulations provides that an assessment is made when an Internal Revenue Service assessment officer signs a summary record of assessment (Form 23C Assessment Certificate), with supporting records describing (1) the taxpayer's name and address, (2) the character of the assessed liability, (3) the taxable period (if any), and (4) the amount of the assessment.

3.   Once the government demonstrates that it has made the assessments in question, the tax assessments are presumed to be correct, and the taxpayer bears the burden of showing that assessments are arbitrary or erroneous. Welch v. Helvering, 290 U.S. 111, 115 (1933); United States v. Chila, 871 F.2d 1015, 1018 (11th Cir. 1989), cert. denied, 493 U.S. 975 (1989). See also Kappas v. United States, 578 F. Supp. 1435, 1439 (C.D. Cal. 1983); United States v. Molitor, 337 F.2d 917, 922 (9th Cir. 1964); United States v. Rexach, 482 F.2d 10, 15-17 (1st Cir. 1973), cert. denied, 414 U.S. 1039 (1973); Psaty v. United States, 442 F.2d 1154, 1161 (3rd Cir. 1971).

4.   In addition to the presumption of correctness, the federal tax assessments enjoy a presumption of official regularity, which establishes that the assessments were in fact duly made by the Internal Revenue Service in accordance with its regular procedures for the making of tax assessments, in the

absence of clear evidence to the contrary.  <u>Lewis v. United</u>
<u>States</u>, 279 U.S. 63, 73 (1929); <u>United States v. Chemical</u>
<u>Foundation, Inc.</u>, 272 U.S. 1, 14-15 (1926); <u>Hughes v. United</u>
<u>States</u>, 953 F.2d 531 (9th Cir. 1992); <u>Parkinson v. Commissioner</u>,
647 F.2d 875, 876 (9th Cir. 1981).

    5.  The IRS must collect assessed taxes by levy or court
proceedings within 10 years of the date of assessment.  26 U.S.C.
§ 6502(a)(1).  This period may be extended under certain
circumstances, including bankruptcy and the pendency of offers in
compromise.

    6.  With respect to a bankruptcy proceeding, the running of
the statute of limitations on collection is suspended for the
period during which the Secretary of the Treasury is prohibited
from collection plus 6 months thereafter in proceedings under
Title 11.  26 U.S.C. § 6503(h).  Defendants SALISBURY filed
bankruptcy under Chapter 7 on December 27, 1996, and received a
discharge on April 15, 1997.  None of the tax liabilities in
question were discharged. The Secretary was prohibited from
collecting the 1994 and 1995 income tax liabilities assessed
prior to the date of bankruptcy petition until the date of
discharge.  11 U.S.C. §§ 362(a) and (c)(2).  The statute of
limitations on collection of the 1994 and 1995 tax liabilities
was therefore suspended for 292 days, from December 27, 1996,
through October 15, 1997 (which time includes the 6 months after
discharge).

    7.  With respect to offers in compromise (OIC), the period
of limitations under 26 U.S.C. § 6502 shall be suspended for the
period during which the IRS is prohibited under this subjection

from making a levy.  26 U.S.C. § 6503(a)(1).  The statute of limitation is suspended while an OIC is pending.  Treas. Reg. §§ 301.7122-1(g) and (I).  Defendants SALISBURY filed an OIC that included taxable years 1994 through 2002.  Defendants' OIC became processable on March 12, 2003.  The Collection division of the IRS rejected the OIC on January 2, 2004.  Defendants timely appealed the rejection on February 2, 2004.  The OIC was rejected by the Appeals division on July 28, 2005.  Therefore, the statute of limitations for collection for taxable years 1994 through 2002, inclusive, was extended for 869 days, from March 12, 2003 to July 28, 2005 (the period that the OIC was being considered by both the Collections and Appeals divisions).

8.  In the instant case, plaintiff has submitted evidence of the making of the assessments against defendants SALISBURY.  The assessments are proved through the certificates of assessments and payments, submitted with the attached declaration of Phillip Conrad, and the amounts due on the assessments is likewise established by the declaration of Phillip Conrad.  Plaintiff has therefore established its prima facie case for the debts owing to the Internal Revenue Service by defendants SALISBURY.

9.  Having established the interest of defendants SALISBURY in the subject property, and that the tax liens of the United States attached to such property interest, it is well settled that the United States may foreclose its liens against the subject property.  See e.g., United States v. Rodgers, 461 U.S. 677, 103 S.Ct. 2132, 461 L.Ed.2d 236 (1983).

10.  There are no disputed issues of fact, and plaintiff is entitled to a judgment in its favor as a matter of law.

10

1      ~~8.~~ 11. Any uncontroverted fact deemed more appropriately
2  designated as a conclusion of law is incorporated here as a
3  conclusion of law.

4

5  Dated:  March 23, 2009         _____
6                                  JOHN F. WALTER
                                   UNITED STATES DISTRICT JUDGE

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28