THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
VALERIE L. MAKAREWICZ
Assistant United States Attorney
SBN 229637
  Room 7211, Federal Building
  300 North Los Angeles Street
  Los Angeles, California  90012
  Telephone:  (213) 894-2729
  Facsimile:  (213) 894-0115
  Email: valerie.makarewicz@usdoj.gov

Attorneys for United States of America

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV 08-7908 JFW (RZx) |
| Plaintiff, | JUDGMENT AND ORDER OF SALE |
| vs. | Honorable John F. Walter |
| PAUL M. SALISBURY, et. al. | Motion Hearing: |
| Defendants. | Date: March 30, 2009<br>Time: 1:30 p.m.<br>Ctrm: 16<br>    United States Courthouse<br>    312 N. Spring Street<br>    Los Angeles, CA 90012 |

The motion of plaintiff, United States of America, for entry of judgment in this case came on for hearing before the Court as noted above. Plaintiff appeared through its counsel of record, Assistant United States Attorney Valerie Makarewicz. The defaults of defendants PAUL M. SALISBURY and NANCY L. SALISBURY, f.k.a. NANCY L. HOLBORN (hereinafter collectively referred to as defendants "SALISBURY") have been filed by the Clerk of the Court on January 13, 2009. On January 30, 2009, plaintiff and defendant WASHINGTON MUTUAL

1

BANK filed a Stipulation for Non-Monetary Judgment, which was approved by the Court on February 3, 2009. (Docket Nos. 24, 25). On January 20, 2009, plaintiff and defendant STATE OF CALIFORNIA, FRANCHISE TAX BOARD (hereinafter "FTB") filed a Stipulation, which was approved by the Court on January 21, 2009. (Docket Nos. 20, 21).

Based on the Complaint, the Defaults by the Clerk for defendants SALISBURY, the Stipulations between plaintiff and defendants WASHINGTON MUTUAL BANK and the FTB, the pleadings filed in connection with the instant motion, the oral presentations made by the appearing parties at the motion hearing, and on all matters that are properly part of the record in this matter, and good cause appearing therefor,

IT IS ORDERED, ADJUDGED, AND DECREEED:

1. That for the income taxes and statutory additions thereto assessed by the Internal Revenue Service against defendants SALISBURY for the tax years 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2004, 2005, and 2006, plaintiff United States of America shall have and recover judgment against defendants SALISBURY in the amount of $758,241.72, plus accrued interest, penalties, collection costs and other statutory additions as provided by law, including all lien fees and collection costs incurred before or after the filing of this Complaint, minus any payments, credits or reversals made after December 31, 2008, in accordance with applicable provisions of the Internal Revenue Code, Title 26, United States Code.

2. That defendants SALISBURY are the owners of the subject property located in Agoura Hills, California, which is legally described as follows:

THE REAL PROPERTY IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED AS:

PARCEL 1 OF PARCEL MAP NO. 6632, IN THE CITY OF AGOURA HILLS, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 110 PAGES 80 AND 81 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

3. That the United States of America has valid and subsisting federal tax liens against the property interest of defendants SALISBURY in the subject property, which liens are herein reduced to judgment, and that such liens are foreclosed against the subject property.

4. That the subject property is ordered to be sold by the Area Director of the Internal

Revenue Service, Los Angeles, California Area (hereinafter "Area Director"), or his delegate, in accordance with the provisions of Title 28, United States Code, Sections 2001 and 2002.

    5.  That any party to this proceeding or any person claiming an interest in the subject property may move the Court, pursuant to Title 28, United States Code, Section 2001(b), for an order for a private sale of the subject property.  Any such motion shall be filed within twenty (20) days of the date of this Judgment and shall set forth with particularity (a) the nature of the moving party's interest in the subject property, (b) the reasons why the moving party believes that a private sale would be in the best interests of the United States of America and any other claimant involved herein, (c) the names of three proposed appraisers and a short statement of their qualifications, and (d) a proposed form of order stating the terms and conditions of the private sale.  Any such motion shall comply with Rule 7 of the Local Rules of the District Court for the Central District of California.

    6.  That the Area Director, or his delegate, is ordered to sell the subject property if it does not become the subject of a motion pursuant to the preceding paragraph, in accordance with Title 28, United States Code, Sections 2001(a) and 2002.  The property shall be sold at a public sale to be held at the Los Angeles County Courthouse, 111 North Hill Street, Los Angeles, California, as follows:

    a.  Notice of the sale shall be published once a week    for at least four (4) weeks prior to the sale in at least one    newspaper regularly issued and of general circulation in Los Angeles County, California.  Said notice shall describe the property by both its street address and its legal description, and shall contain the terms and conditions of sale as set out herein.

    b.  The terms and conditions of sale shall be as follows:

    A minimum bid determined by reference to the current fair market value shall be required.  The  minimum bid shall be 75% of the current fair market  value as determined by an appraisal of the subject property by the Internal Revenue Service.  The terms of sale as to all persons or parties bidding shall be cash.  The successful bidder shall be required to deposit with the Area Director cash equal to twenty percent (20%) of the bidder's total bid immediately upon the property being struck off  and awarded to such bidder as the highest and best

1  bidder; and the remaining eighty percent (80%) of said purchase price is to be paid on or before
2  5:00 p.m., within three (3) business days of the date of sale.  Should any person bid off the
3  property at the sale by virtue of this Judgment and Order of Sale, and fail to comply with the
4  terms of the sale, such bidder shall be liable to the United States for twenty percent (20%) of the
5  value of the property thus bid off as a penalty, and said deposit shall be paid over and delivered
6  to the United States to be applied toward payment of said penalty, but payment of said penalty
7  shall not be a credit on the judgment of the United States.
8        c.  Upon selling the subject property, the Area Director, or his delegate, shall prepare
9  and file with this Court an accounting and report of sale and shall give to the purchaser   a
10  Certificate of Sale containing the description of the property sold and the price paid.  The
11  accounting and report of sale shall be filed within ten (10) days from the date of sale.  If no
12  objections have been filed in writing in this cause with the Clerk of the Court, within fifteen (15)
13  days of the date of sale, the sale shall be confirmed without necessity of motion, and the Area
14  Director shall be directed by the Clerk of the Court to execute and deliver his deed to said
15  purchaser.
16        d.  Possession of the property sold shall be yielded to the purchaser upon the
17  production of the Certificate of Sale and Deed; and if there is a refusal to so yield, a Writ of
18  Assistance may, without further notice, be issued by the Clerk of this Court to compel delivery
19  of the property sold to the purchaser.
20        e.  The Area Director shall apply the proceeds of sale in the following order of
21  priorities:
22        (1) First, to defendant WASHINGTON MUTUAL BANK in satisfaction of the
23  Deed of Trust filed on the subject property as Instrument No. 89-1753231, in the Official
24  Records of the Recorder's Office, Los Angeles County, California, on October 31, 1989;
25        (2) Second, to the United States of America and the TB in the following order, in
26  accordance with the Stipulation filed by said parties on January 20, 2009:
27
28

| Assessment Type | Amount | Assessment Date |
|---|---|---|
| IRS 1994 | $ 77,994.23 | 11/20/1995 |
| IRS 1995 | $ 85,287.57 | 09/23/1996 |
| IRS 1996 | $ 49,608.94 | 11/24/1997 |
| FTB 1997 | $  4,137.18 | 11/17/1998 |
| IRS 1997 | $108,048.57 | 11/23/1998 |
| FTB 1998 | $  4,489.68 | 11/10/1999 |
| IRS 1998 | $ 39,879.16 | 11/29/1999 |
| FTB 1999 | $  7,814.63 | 11/30/2000 |
| **Assessment Type** | **Amount** | **Assessment Date** |
| FTB 2000 | $  1,377.43 | 11/13/2001 |
| IRS 2000 | $ 45,231.35 | 11/26/2001 |
| FTB 2001 | $ 10,469.17 | 10/16/2002 |
| IRS 2001 | $ 50,812.21 | 11/18/2002 |
| FTB 2002 | $ 18,726.25 | 10/16/2003 |
| IRS 2002 | $ 67,451.14 | 12/01/2003 |
| FTB 2003 | $ 13,773.18 | 10/25/2004 |
| IRS 2004 | $ 31,780.98 | 10/31/2005 |
| FTB 2005 | $  6,703.74 | 10/17/2006 |
| IRS 2005 | $ 89,036.20 | 11/06/2006 |
| FTB 2006 | $ 12,508.30 | 10/18/2007 |
| IRS 2006 | $ 60,225.01 | 11/05/2007 |

plus any accrued interest, penalties, collection costs and other statutory additions as provided by law, including all lien fees and collection costs incurred before or after the filing of this Complaint, minus any payments, credits or reversals made after December 31, 2008.

    (3)  Third, if any surplus remains after making the aforesaid balance into the registry of this Court and, upon proper application, shall be paid over to defendants SALISBURY.

///

///

///

8.—7.That the Court hereby retains jurisdiction of this action for the purpose of making proper distribution of any surplus of the proceeds of sale, pursuant to the Area Director's Accounting and Report of Sale.

IT IS SO ORDERED.

DATED:March 23, 2009

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

cc: FISCAL